Geraldine WOLCOTT, Appellant,

v.

Mancill McWILLIAMS, Appellee.

No. 7319.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 20, 1964.

Rehearing Denied Feb. 24, 1964.

Charles E. Benson, Lubbock, for appellant.

Day & Owen, Plainview, for appellee.

NORTHCUTT, Justice.

On May 19, 1961, Geraldine Wolcott and Mancill McWilliams entered into a partnership with the purpose of selling real estate. The commissions earned were to be divided between them on a fifty-fifty basis. Expenses were to be borne on the same basis except that each partner was to pay his or her own gasoline expenses. The partnership was dissolved on April 7, 1962. A Mr. Barrett had been a client of McWilliams for several years. A Mr. Vandergriff, a real estate man, first became acquainted with Mr. Barrett in the office of McWilliams and Wolcott and the two real estate firms had been trying to sell Mr. Barrett some property here in Texas but had been unsuccessful. It was agreed the commission in case of a sell to Barrett of property that was listed with Vandergriff would be divided equally, Vandergriff receiving one-half of the commission and McWilliams and Wolcott receiving one-half.

Vandergriff had had some property in Colorado listed with him for sale by one Philpy. After being unable to sell Barrett the property in Texas, Vandergriff wrote to Philpy on April 1, 1962, to see if the Colorado property was available for sale. Vandergriff learned on April 3, 1962, the Colorado property was for sale and contacted Barrett and made arrangements to take him to see the property on April 10, 1962. After looking over the Colorado property, Bar-

rett wanted to buy the property but was financially unable to do so. After returning home Barrett tried to get two other men to join him in purchasing the property but was unable to do so. Barrett finally secured Paul Hays and H. D. Hays in joining him in purchasing the Colorado property but it was necessary for the three of them to make arrangements to borrow money to make the purchase. On May 9, 1962, a contract of sale was entered into whereby Barrett, Paul Hays, and H. D. Hays agreed to purchase the property from Philpy.

The full commission of $10,000 for the sale of the Colorado property was paid to Vandergriff. Vandergriff was entitled to $5,000 of the commission.

This suit was brought by Wolcott, as plaintiff, against McWilliams, as defendant, contending she was entitled to one-half of the remaining $5,000 and McWilliams contended this $5,000 was no part of the partnership commission. Vandergriff placed the $5,000 in a bank in escrow to be paid as determined by the court. The case was tried to the court without a jury. The court found the partnership had been dissolved by voluntary dissolution; that a purchaser has not been found who was ready, able, and willing to purchase the property in question on the date of dissolution of the partnership, and that no contract or agreement of purchase had been entered into on or prior to the date of dissolution; that the commission was earned when a purchaser was produced who was ready, willing, and able to buy the property in question and that such purchaser was not produced until after the dissolution of the partnership and therefore was not an asset of the partnership at the time of dissolution. The court then rendered judgment for McWilliams for the $5,000 commission and ordered the bank holding the funds in escrow to pay the sum to McWilliams less the customary charge, if any, of said bank as escrow agent. From that judgment Wolcott perfected this appeal and will hereafter be referred to as appellant.

■ Appellant presents this appeal upon one point of error contending the judgment was contrary to applicable law and the undisputed evidence. Since the case was presented to the court without a jury, we consider the findings of the court on the evidence in the same light as a finding by a jury where the case is tried to a jury. It may be true that the findings of the court might not have passed upon the question as to whether the transaction here in question was to be considered as a continuing part of the partnership business as to a division of the commission in this particular deal. The court went further and held the appellant was not entitled to any part of the commission.

In dissolving the partnership appellant drew up a list of the commissions that were to be divided after the dissolution of the partnership and presented the same to McWilliams and they both signed the same as constituting the commissions to be divided after the dissolution of the partnership. Nothing in the instrument referred to a division of any other commissions.

■ Since appellant drew an itemized statement of the commissions each were to have after the dissolution, the instrument must be construed most strongly against her. Masterson v. Allen, Tex.Civ.App., 69 S.W.2d 539 (writ refused); Brandtjen & Kluge, Inc. v. Tartar, Tex.Civ.App., 236 S. W.2d 550 (N.R.E.); Ryan v. Mathews, Tex.Civ.App., 363 S.W.2d 948; Mathews v. Ryan, Tex.Civ.App., 320 S.W.2d 44.

There is nothing in the record to indicate the appellant took any action whatever in the Philpy sale to Barrett to suggest that she did expect any part of the commission. While Vandergriff was showing the property in question to Barrett and Hays, appellant did not pay any of the Vandergriff expenses but McWilliams did.

■ We are of the opinion the trial court had sufficient evidence to believe and hold it was the intention and agreement of appellant and McWilliams at the time of the

dissolution of their partnership that the agreement as to a division of certain commissions as listed constituted a full and complete settlement of their partnership rights. Judgment of the trial court is affirmed.